THE NEW YORK LUMBER & WOOD-WORKING COMPANY v. THE PEOPLE'S FIRE INSURANCE COMPANY.

*Fire insurance—Contract—Recalling policy.*

Where a policy of insurance sent to an agent without an application by the insured therefor, but with the expectation that the agent will tender it to the insured in renewal of a policy which has expired, reaches the agent on Sunday, and after the destruction of the property on the previous day, and the agent who forwarded the policy telegraphs on Sunday to the agent to whom it was sent not to deliver it, to which he answers, "all right, will return," which facts he communicates to an agent of the insured on the same day, who notifies the agent on the following day to hold the policy, which is not done, and on the fourth and fifth days thereafter the agent of the insured demands the policy, on which latter day the premium

is for the first time tendered, no valid contract of insurance is made.

Case made from Bay.    (Cobb, J.)    Argued April 26, 1893.    Decided June 1, 1893.

*Assumpsit.*    Plaintiff assigns error.    Affirmed.    The facts are stated in the opinion.

*Hatch & Cooley,* for appellant, contended:

1. A contract consists of an offer and its acceptance; citing 1 Whart. Cont. § 8; and here we have both; citing Anson, Cont. 15; *Wilcox v. Cline,* 70 Mich. 517; and other authorities cited under paragraph 2.
2. If the acceptance was otherwise good, the destruction of the property between the date of the offer and the acceptance did not prevent the consummation of the contract; citing *Hallock v. Insurance Co.,* 26 N. J. Law, 268; *Whitaker v. Insurance Co.,* 29 Barb. 312; *Lightbody v. Insurance Co.,* 23 Wend. 18; *Mead v. Davidson,* 3 Adol. & E. 300; *Baldwin v. Insurance Co.,* 56 Mo. 151; 1 Wood, Ins. §§ 15, 18-21, 31.

*Elbert H. Gary,* for defendant, contended:

1. Such a withdrawal as is shown in this case may be made at any time before acceptance; citing *Weiden v. Woodruff,* 38 Mich. 130; *Manufacturing Works v. Macalister,* 40 Id. 88; *Wardell v. Williams,* 62 Id. 57; *Smith v. Brennan,* Id. 354; *Larmon v. Jordan,* 56 Ill. 204; *Corcoran v. White,* 117 Id. 118; *School Directors v. Trefethren,* 10 Ill. App. 127; *Lipe v. Ludewick,* 14 Id. 372; 1 Pars. Cont. 483.
2. Where an offer and reply thereto are made by letter, the offer may be withdrawn at any moment, and is withdrawn as soon as a notice of such withdrawal reaches the offeree; citing *Tayloe v. Insurance Co.,* 9 How. 390; May, Ins. § 49.

MONTGOMERY, J.    The plaintiff corporation is engaged in the manufacture of lumber at East Tawas, Mich.    On the 1st day of July, 1889, the defendant company issued to the plaintiff a policy of insurance in the sum of $1,250. This policy was written by Frank L. Wands, the company's agent at Bay City, and was sent to one James H. Schmeck, at East Tawas, for delivery.    The policy

expired on July 1, 1890, and no application for renewal was made by plaintiff. On the 5th of July, 1890, Mr. Wands prepared a new policy, dated July 1, 1890, for one year, and forwarded it to Mr. Schmeck, in the expectation that it would be tendered to the plaintiff in renewal of the former policy. At the same time, another policy, of like amount, in another company, in which plaintiff had previously insured, was prepared, and forwarded in the same envelope. These policies were received by Schmeck on Sunday morning, the 6th of July. In the meantime, on Saturday, a fire had occurred, and the property covered by the policies had been consumed. The agent, Wands, learning of this on Sunday morning, telegraphed to Schmeck not to deliver the policies. Schmeck replied: "All right. Will return." On the same day, Smith, an agent of the plaintiff, was seen by Schmeck, and for the first time informed that the policies had been received, and was at the same time informed that they had been recalled. On Monday, July 7, Mr. Smith telegraphed to Schmeck, "Hold Wands' $2,500 policy." By mistake of Schmeck's clerk, as it would appear, the policies were not retained, but were returned to Wands. On the 11th they were demanded of Wands by Smith, and on the 12th they were again demanded, and the premium for the first time tendered.

The sole question for our determination is whether a contract of insurance was effected. It is ingeniously argued by the plaintiff's counsel that the case is to be determined solely by reference to what took place in regard to the policy on secular days; and it is urged that as the policy was transmitted to Schmeck on a secular day, and as Smith signified his willingness to accept the policy on a secular day, this completed the contract; that Wands had no authority to recall the policy by telegram sent on Sunday.

We think this a novel application of the Sunday law. The act of Wands in recalling the policy of insurance from Schmeck was not the making of a contract, but was an effort simply to reclaim the property of the company. At that time no contract had been made, and none tendered. But, apart from this, if all that was communicated by Schmeck to the plaintiff is considered, it did not amount on his part to an offer of any contract of insurance to the plaintiff's agent. In the same conversation in which he was advised that he had received a policy, he was told that the policy had been recalled; and it does not appear that he was ever told, either by Wands or Schmeck, that the company would enter into contract relations with him. He could not compel the defendant to contract with him. As was said by the learned circuit judge:

"If Schmeck had authority to offer the policy to the plaintiff, he was under no legal obligation to do so, but might lawfully refuse. To make such an offer was not a duty which he owed to either the plaintiff or the defendant. But supposing that such authority was conferred upon him, and he accepted it, yet, until he should actually make such an offer on a secular day, the plaintiff could acquire no rights, as against said defendant, or as against said Schmeck."

The case does not call for extended discussion. The circuit judge was entirely right in his conclusion that the minds of the parties never mutually assented to the same proposition, and that no contract of insurance was made.

The judgment will be affirmed, with costs.

The other Justices concurred.